UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ABIJAH SEANELL WILLIAMS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>A. HEDGPETH, Warden,<br><br>　　　　Respondent. | No. EDCV 11-1088 SVW (FFM)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS TIME-BARRED |

Petitioner, a prisoner in state custody, constructively filed[1] a Petition for Writ of Habeas Corpus ("Petition") on or about June 22, 2011. Petitioner challenges a 2006 conviction and sentence for two counts of attempted premeditated murder, which included firearm and gang enhancements, as well as receiving stolen property. Petitioner alleges that he appealed to the California Court of Appeal, which affirmed his conviction on November 27, 2007. He then filed a Petition for Review with the California Supreme Court, which was denied on February 13, 2008. Petitioner also alleges that he filed habeas petitions in state court with respect to his judgement of conviction. Petitioner is unsure of when the first two state habeas petitions were filed, but the Riverside County Superior Court and the California Court of Appeal denied the petitions on May 22, 2008

---

[1] A *pro se* prisoner's relevant filings may be construed as filed on the date they were submitted to prison authorities for mailing, under the prison "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).

and July 29, 2008, respectively. Petitioner filed a state habeas petition with the California Supreme Court on September 24, 2008, which was denied on March 25, 2009. Petitioner filed a petition in United State District Court for the Southern District of California for this conviction on February 12, 2009, which was transferred to the Central District on February 24, 2009. That petition, however, was dismissed without prejudice for a failure to prosecute. Petitioner filed the instant Petition on or about June 22, 2011.

**1.    LIMITATIONS PERIOD FOR FEDERAL HABEAS PETITIONS**

The present proceedings were initiated after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Accordingly, the AEDPA's timeliness provisions apply, including a one-year limitations period which is subject to both statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(1). For those prisoners, like petitioner, whose convictions became final post-AEDPA, the one-year period starts running from the latest of four alternative dates set forth in 28 U.S.C. § 2244(d)(1)(A)-(D). *See, e.g.*, *Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001). The operative provision which appears to apply in this case is set forth in 28 U.S.C. § 2244(d)(1)(A). That subparagraph provides that the one-year period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Where, as here, the challenged judgment was affirmed by the state's highest court, the period of direct review ends either when the petitioner failed to file a *certiorari* petition in the United States Supreme Court and the 90-day period for doing so has expired, or when the Supreme Court has ruled on a filed petition. *See Clay v. United States*, 537 U.S. 522, 527-32 and ns. 3-4, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003); *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

///

In this case, petitioner does not appear to have filed a *certiorari* petition in the United States Supreme Court. (*See* Petition). Thus, under section 2244(d)(1)(A), petitioner's conviction became final 90 days after the denial of the petition for review by the California Supreme Court. *See Clay*, 537 U.S. at 527-32 and ns.3, 4; 28 U.S.C. § 2101(d); Sup. Ct. R. 13.1. Petitioner provided the date that the California Supreme Court denied direct review, which was verified on the California Appellate Courts website.[2] Petitioner's petition for review was denied on February 13, 2008. Therefore, petitioner's conviction became final on May 14, 2008. Accordingly, the one-year limitations period expired on May 14, 2009. *Patterson*, 251 F.3d at 1245-47. Though petitioner filed a petition in federal court before the expiration of the statute of limitations, the pendency of a federal petition does not toll the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 172, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001). Because petitioner did not initiate the current proceedings until June 22, 2011, the present action is untimely, absent statutory or equitable tolling. *See* 28 U.S.C. § 2244(d)(1); Fed. R. Civ. Proc. 6(a).

**2.    STATUTORY TOLLING**

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

---

[2] The Court takes judicial notice of the docket of petitioner's petition for review to the California Supreme Court on direct appeal as reflected in the website of the California Appellate Courts located at http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=1891320&doc_no=S159642. The Docket shows that petitioner's petition for review by the California Supreme Court was denied on February 13, 2008.

The statute of limitations is not tolled between the date on which a judgment becomes final and the date on which the petitioner filed his first state collateral challenge because there is no case "pending." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). Once an application for post-conviction review commences, it is "pending" until a petitioner "complete[s] a full round of [state] collateral review." *Delhomme v. Ramirez*, 340 F.3d 817, 819 (9th Cir. 2003) (citing *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003)). "One full round" generally means that the statute of limitations is tolled while a petitioner is properly pursuing post-conviction relief, from the time a California prisoner files his first state habeas petition until the California Supreme Court rejects his final collateral challenge. *Carey v. Saffold*, 536 U.S. 214, 219-20, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002); *see also Nino*, 183 F.3d at 1006; *Delhomme*, 340 F.3d at 819. The period tolled includes the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." *Delhomme*, 340 F.3d at 819 (citing *Biggs*, 339 F.3d at 1048 n.1).

Here, petitioner is not entitled to sufficient statutory tolling to make the instant Petition timely. Petitioner does not recall when he filed his first state habeas petition, though it was sometime between February 13, 2008 (when the California Supreme Court summarily denied direct review) and May 22, 2008 (when the Riverside County Superior Court denied his first state habeas petition). Assuming petitioner's first state habeas petition was pending on May 15, 2008, petitioner would be entitled to statutory tolling until the March 25, 2009 denial of petitioner's state habeas petition in the California Supreme Court. The limitations period would have commenced on March 26, 2009 and expired on March 25, 2010. Petitioner filed the instant Petition on June 22, 2011, making this Petition over a year late.

///

1     Because the Petition does not demonstrate that it is timely, the Court orders
2 petitioner to show cause in writing within 15 days of the date of this order why the
3 Petition should not be dismissed as time-barred. If petitioner fails to provide a
4 timely response to this order, the Court will recommend that the Petition be
5 dismissed as time-barred and/or for failure to prosecute.
6     IT IS SO ORDERED.

8 DATED: August 1, 2011

9                                     /S/ FREDERICK F. MUMM
10                                       FREDERICK F. MUMM
                                       United States Magistrate Judge